UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF BROOKLYN OF NY


THEODORA TARVER

                              Case No 1-08-47608-jf
V                               Chapter 7


SALLIE MAE
_____


### COMPLAINT TO DETERMINE DISCHARGE ABILITY OF STUDENT LOAN

To the Honorable Jerome Feller Bankruptcy Judge

    1    . Debtor filed this case under Chapter 7 of the Bankruptcy Code on November 10, 2008 who is CO-Debtor on this loan. This Court Thus has jurisdiction over this action under 28 U S C 1334. This proceeding is a core proceeding.

    2.    One of the unsecured debts owing be the Debtor and listed on Schedule F – Creditor Holding Unsecured Nonpriority Claims - is a student loan owing to Sallie Mae.

    3.    This loan was incurred for Troy Henderson (son) who is applicant on loan to pay expenses a Daeman College.



    4.    Based on the Debtors current income and expenses, the Debtor who is co-applicant on loan cannot maintain a minimal living standard and repay the loan due to being unemployed. My current income is child support of 566.00 monthly and support from my son.

    5.    The Debtor current financial condition is likely to continue for a significant

portion of the repayment of the loan.

6.  The Debtor has a good-faith effort to repay debt as follower 100.00, 50.00, 50.00.

7.  The Debtor have filed for bankruptcy for reason other than just to discharge this student loan.

WHEREFORE, the Debtor ask this court to enter an order declaring the student loan debt to be discharge able.

Dated: February 9, 2009

THEODORA TARVER

167 15 109 Road
Jamaica NY 11433

| B104 (Form 104) (08/07) | | |
|---|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | | **ADVERSARY PROCEEDING NO.** |
| **PLAINTIFF(S)** Theodora Tarver | **DEFENDANT(S)** Sallie Mae | |
| **ATTORNEY(S)** (Firm Name, Address, Telephone No.) Theodora Tarver 167-15 109 Rd Jamaica NY 11433 | **ATTORNEY(S)** (If Known) | |
| **PARTY** (Check One Box Only) ☑ Debtor ☐ U.S. Trustee ☐ Creditor ☐ Trustee ☐ Other | **PARTY** (Check One Box Only) ☑ Debtor ☐ U.S. Trustee ☐ Creditor ☐ Trustee ☐ Other | |

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

Complaint to Determin Dischargeability of Student loan (unEmployed) Plaintiff is co Applicant on loan

**NATURE OF SUIT**
(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11 – Recovery of money/property - § 542 turnover of property | ☐ 61 – Dischargeability - § 523(a)(5), domestic support |
| ☐ 12 – Recovery of money/property - § 547 preference | ☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury |
| ☐ 13 – Recovery of money/property - § 548 fraudulent transfer | ☑ 63 – Dischargeability - § 523(a)(8), student loan |
| ☐ 14 – Recovery of money/property – other | ☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65 – Dischargeability – other |
| ☐ 21 – Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71 – Injunctive relief – imposition of stay |
| ☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h) | ☐ 72 – Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) – Subordination of Claim or Interest** |
| ☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e) | ☐ 81- Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) – Declaratory Judgment** |
| ☐ 51 – Revocation of confirmation | ☐ 91 – Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) – Determination of Removed Action** |
| ☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims | ☐ 01 – Determination of removed claim or cause |
| ☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny (continued next column) | ☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq. ☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand: $ |

**Other Relief Sought:**

| B104 (Form 104) (08/07), Page 2 | |
|---|---|
| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | |
| NAME OF DEBTOR<br>Theodora Tarver | BANKRUPTCY CASE NO.<br>1-08-47608-JF |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern | DIVISION OFFICE<br>Brooklyn NY    NAME OF JUDGE<br>Jerome Feller |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | |
| PLAINTIFF<br>Theodora Tarver    DEFENDANT<br>Sallie Mae | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE    NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>Theodora Tarver<br>DATE<br>2/10/09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Theodora Tarver |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.